IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JOHNNY PETERSON v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Trousdale County
### No. 19-CV-4742

### No. M2019-00390-CCA-R3-HC

The Petitioner, Johnny Peterson, appeals the trial court's summary dismissal of his petition for habeas corpus relief. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

### Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and TIMOTHY L. EASTER, JJ. joined.

Johnny Peterson, *Pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner was convicted of first degree murder and attempted first degree murder in 2008. *State v. Johnny Peterson*, No. W2008-01340-CCA-R3-CD, 2009 WL 2985950 (Tenn. Crim. App. Sep. 18, 2009), *perm. to app. denied* (Tenn. Mar. 15, 2010). After his convictions and sentences were affirmed on appeal, the Petitioner was unsuccessful in his subsequent pursuit of post-conviction relief. *Johnny L. Peterson v. State*, No. W2011-00367-CCA-R3-PC, 2012 WL 1080486 (Tenn. Crim. App. Mar. 29, 2012), *perm. to app. denied* (Tenn. Aug. 16, 2012). In January 2019, the Petitioner filed a habeas corpus petition challenging the effective assistance of post-conviction counsel and the validity of the grand jury foreperson. The trial court denied relief, in part, because the Petitioner did not attach copies of his judgments to his petition.

Initially, the Court notes the determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, this

Court reviews a trial court's findings *de novo* without a presumption of correctness. *Id*. Moreover, it is a petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*. 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt*, 24 S.W.3d at 322; *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83).

Moreover, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced or satisfactory reasons be given for the failure so to do.

In the instant case, the Peterson failed to attach the judgments of conviction to his petition. Our supreme court has cautioned that when documents pertinent to establishing a petitioner's claim "are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." *Summers*, 212 S.W.3d at 261. The Court notes the Petitioner attached the judgments of conviction to his reply to the State's motion on appeal in an apparent attempt to cure the error. However, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." *Grover L. Dunigan v. State*. No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App., at Knoxville, Feb. 23, 2006); *see also State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990) (stating that Tennessee Rule of Appellate Procedure 28 "does not contemplate attaching a transcript of proceedings to a brief when the transcript has not been made a part of the record"). Regardless of the procedural deficiencies, the claims raised by the Petitioner are not cognizable for habeas corpus relief. *See Antonio D. Idellfonso-Diaz v. State*, No. M2018-02233-CCA-R3-HC, 2019 WL 3782163 (Tenn. Crim. App. Aug. 12, 2019) (challenge to grand jury foreperson); *Ronald L. Allen v. State*, No. W2014-00041-CCA-R3-HC, 2014 WL 2993861 (Tenn. Crim. App. June 30, 2014) (challenge to counsel's effectiveness). The Petitioner is not entitled to relief.

Accordingly, for these reasons, the order of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

Judge Robert W. Wedemeyer

3